Hunt, J.
The plaintiff obtained a judgment before a justice of the peace against M. Hawkins. Pursuant to Section 13659, General Code, a transcript of such judgment was filed in the office of the clerk of the court of common pleas for lien and entered upon the execution docket as a judgment against M. Hawkins, but no execution was issued. At the time of such filing Mary Hawkins was the owner of the real estate described in the petition. Thereafter, without actual notice of such filing, lien or judgment, for a valuable consideration the defendants, Ida Gordon and Fannie Rothenberg, became the purchasers of such property and duly filed their deed with the recorder of Hamilton county. Thereafter, on the 25th day of October, 1911, the plaintiff .filed this action against Mary Hawkins, Ida Gordon and Fannie Rothenberg et al, for the sale of said property under his alleged lien.
*606 The primary question is whether or not the plaintiff by the filing of his transcript obtained a lien upon the real estate of Mary Hawkins, enforcible as against the title of a subsequent bona fide vendee. There is no claim that M. Hawkins, who owed the debt upon which the judgment was given, was not Mary Hawkins the owner of the real estate. There is no claim that Mary Hawkins was ever known as M. Hawkins, or that she ever used the initial “M” as her first name, or used the initial in any way.
The question, therefore, is not a question of identity, nor is it a question of the validity of the judgment nor of the right to enforce it against any property owned by M. Hawkins, nor against the property of Mary Hawkins, if commonly or otherwise known as M. Hawkins. This case is therefore distinguishable from the following cases: Citizens Nat. Bank v. Union Central Life Ins. Co., 12 C.C.(N.S.), 401; Daniels v. Taylor, 13 C.C.(N.S.), 116-117; Kinsey Co. v. Heimerdinger, 13 C.C.(N.S.), 195; Mack v. Schlottman, 7 A. L. R., 665.
The question in this case is whether or not the filing in the office of the clerk of the court of common pleas of the transcript of the judgment of the justice of the peace against M. Hawkins creates a lien upon the property of Mary Hawkins''superior to the title of a subsequent bona fide purchaser of such property. To so operate, the transcript must be such as- is required by law, and must be such that the clerk from an inspection thereof can do that which he is required to do by law.
A judgment presumes an action. An action presumes parties. There is only one statutory provision permitting the designation of parties by initial letter, Section 11259, providing that parties so designated in a written instrument in an action thereon niajr be so designated. It does not appear that plaintiff’s original action was within such exception. It is true' that in the absence of an allegation to the contrary where parties are designated by initial, such initial is presumed to be their full name, but the record in this case shows that no such presumption is applicable.
*607 Sections 11659 and 11718, General Code, provide that the clerk shall enter upon the execution docket the “names in full of parties to the cause,” etc. PIoiv can the clerk do this, if the transcript filed does not give the full names of the parties. The full name of the plaintiff may be á matter of indifference, but not that of the defendant whose property is sought to be affected by such entry.
It seems, therefore, that the plaintiff in this case has so far failed to comply with the statute that the equity of a tona fide purchaser of the property should be superior to the statutory lien, if any, of the plaintiff.
This case is decided upon mere technical grounds with little reluctance, for the reason that upon the allegations of the answer, or at least upon an allegation of those facts which might ordinarily be inferred from the allegations made in the pleadings, there is a question of subrogation which has not been argued by counsel, but which if decided iu favor of the defendant upon the authority of Straman v. Rechtine et al, 48 O. S., 443, and cases cited therein, would preclude the plaintiff from any real benefit by reason of his judgment and from enforcing any sale except at his own costs.
The answer sets up the fact that at the time the plaintiff filed his transcript there were two mortgage liens upon the property —one in favor of the Liberal Building Association for $3,000, and another in favor of Quibbeman, Mesch & Hollahan for $1,-000; that the property at that time was worth less than said mortgage liens thereon; that on March 9, 1909, after the filing of plaintiff’s transcript, Mary Hawkins, being in default in the payment of said mortgage liens, conveyed said property (whether by warranty or not is not alleged) to Quibbeman, Mesch & Hollahan for no other consideration than the assumption by them of said liens; that on February 2, 1911, Quibbeman, Mesch & Hollahan conveyed said premises to the defendants, Gordon and Rothenberg; that the mortgage to the Liberal Building Association was paid by the defendants, Gordon and Rothenberg, and a new mortgage executed by them to the Provi *608 dent Building Association for $1,800; that the defendants have substantially improved said property, but from the time of the conveyance to Hawkins up to the time of the conveyance to the defendants it was never worth more than $2,500.
Without foreclosing counsel of the plaintiff upon argument from establishing the law to be to the contrary, it seems that the defendants, Ida Gordon and Fannie Rothenberg, should properly be subrogated to the liens of the Liberal Building Association and of Quibbeman, Mesch & Hollahan existing unpaid at the time of the filing of plaintiff’s transcript, in so far as they were paid by the subsequent owners of the property, or merged in their titles.
The demurrer of the plaintiff to the second, third, fourth and fifth paragraphs of the answer and cross-petition of Ida Gordon and Fannie Rothenberg is therefore overruled.